**NOT FOR PUBLICATION**

MAR 04 2010

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BARBARA STERIO, | No. 08-17426 |
| Plaintiff - Appellant, | D.C. No. 2:06-cv-01045-MCE-GGH |
| v. | |
| HM LIFE (formerly known as HIGHMARK LIFE INSURANCE COMPANY); DIABETES WELL LONG TERM DISABILITY PLAN; THE PLAN/POLICY PROVIDED BY DIABETES WELL TO ITS EMPLOYEES THROUGH HIGHMARK LIFE INSURANCE COMPANY GROUP POLICY NO. 911553-B AND/OR ITS PLAN ADMINISTRATOR, | MEMORANDUM [*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, District Judge, Presiding

Argued and Submitted February 11, 2010
San Francisco, California

_____

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: THOMPSON and McKEOWN, Circuit Judges, and ZILLY,[**] Senior District Judge.

Appellant, Barbara Sterio appeals the district court's entry of judgment in favor of HM Life, an insurance company administrator that denied Sterio's claim for long term disability under an employee plan governed by ERISA. Sterio, a former receptionist, claims she is disabled primarily due to sciatic pain, restricted mobility and depression following several hip surgeries. We have jurisdiction under 28 U.S.C. § 1291. We conclude that HM Life abused its discretion in denying Sterio benefits, and we reverse and remand for the district court to enter judgment in her favor.

Sterio has undergone multiple hip revision surgeries following hip replacement surgery in 1975. In January 2000, Sterio underwent her most recent total hip revision surgery, after which she developed postoperative complications, including sciatic pain and numbness and weakness in her right leg and foot. In December 2000, Sterio stopped working. In January 2002, the Social Security Administration ("SSA") determined that Sterio was permanently disabled and awarded her benefits.

---

[**] The Honorable Thomas S. Zilly, Senior United States District Judge for the Western District of Washington, sitting by designation.

In 2003, Sterio applied for long term disability benefits with HM Life, which is both the insurer and the administrator of Sterio's ERISA plan. HM Life engaged Broadspire Services to process Sterio's claim. Broadspire, in turn, hired six independent physicians to review Sterio's medical records. The reviewing physicians all concluded that Sterio was not disabled. Broadspire initially denied Sterio's claim and HM Life denied Sterio's appeal, both concluding that the objective medical evidence did not support her disability claim. The district court conducted a bench trial and concluded that HM Life did not abuse its discretion in light of "conflicting evidence."

*Standard of Review*

The district court correctly concluded that an abuse of discretion standard applies to HM Life's denial of benefits. *See Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 962 (9th Cir. 2006) (en banc) ("We review de novo a district court's choice and application of the standard of review to decisions by fiduciaries in ERISA cases."). Where, as here, the Plan unambiguously provides discretion to the administrator, the standard of review shifts "from the default of de novo to the more lenient abuse of discretion." *Id*. at 963. *See also Burke v. Pitney Bowes Inc. Long-Term Disability Plan,* 544 F.3d 1016, 1023-24 (9th Cir. 2008).

The Plan gives HM Life full and exclusive authority to administer claims and interpret the policy. This language unambiguously confers discretion on HM Life even though it does not use the word "discretion." *Abatie*, 458 F.3d at 963-64.

We reject Sterio's contention that the district court should have applied a de novo standard because there is no "plan" document, only an insurance policy. The insurance policy is the plan document in this case. *See Cinelli v. Security Pacific Corp.*, 61 F.3d 1437, 1441 (9th Cir. 1995) ("[I]t is clear that an insurance policy may constitute the 'written instrument' of an ERISA plan . . . ."); 29 U.S.C. §§ 1002 and 1102(a)(1).

We also reject Sterio's contention that de novo review applies because Broadspire, not HM Life, initially denied her claim. Broadspire's initial decision is insufficient to revert the standard of review to de novo because HM Life unquestionably made the final decision to deny Sterio benefits on appeal. *See Gatti v. Reliance Standard Life Ins. Co.*, 415 F.3d 978, 985 (9th Cir. 2005) ("[P]rocedural violations of ERISA do not alter the standard of review unless those violations are so flagrant as to alter the substantive relationship between the employer and employee . . . ."); *Abatie,* 458 F.3d at 971 (same). This case does not

fall into the "rare class of cases" that revert back to de novo review. *Abatie,* 458

F.3d at 971.[1]

*Conflict of Interest*

Although the district court correctly chose the abuse of discretion standard,

it did not apply that standard properly.

In ERISA cases, abuse of discretion review is "informed by the nature,

extent, and effect on the decision-making process of any conflict of interest that

may appear in the record." *Abatie*, 458 F.3d at 967. Thus, where, as here, a

structural conflict exists because the insurance company administrator both funds

and administers the Plan, "the court must consider numerous case-specific factors,

including the administrator's conflict of interest, and reach a decision as to whether

discretion has been abused by weighing and balancing those factors together."

*Montour v. Hartford Life & Acc. Ins. Co.*, 588 F.3d 623, 630 (9th Cir. 2009).

In *Abatie*, and later in *Montour*, we provided specific factors that a court

should weigh in determining whether an administrator abused its discretion. *See*

---

[1] *Cf. Nelson v. EG&G Energy Measurements Group, Inc.*, 37 F.3d 1384, 1388-89 (9th Cir. 1994) (applying de novo review where an unauthorized employee made the benefits decision); *Blau v. Del Monte Corp.,* 748 F.2d 1348 (9th Cir. 1984), *abrogation on other grounds recognized by Dytrt v. Mountain State Tel. & Tel. Co.*, 921 F.2d 889, 894 n.4 (9th Cir. 1990) (applying de novo review where the administrator kept the policy details secret).

*Abatie*, 458 F.3d at 968-969, 972, 974; *Montour*, 588 F.3d at 630.  Unfortunately, the district court did not have the benefit of the additional guidance provided in *Montour* as that case was decided after the district court entered judgement.  Our decision in *Montour*, together with our decision in *Abatie* and the record in this case, make clear that HM Life abused its discretion in denying Sterio benefits.

First, the quantity and quality of the medical evidence supports Sterio's disability claim.  *Montour*, 588 F.3d at 630.  HM Life rejected Sterio's claim stating there was no objective medical evidence supporting her disability, but the facts show otherwise.  An EMG test confirmed that Sterio had right sciatic neuropathy after her last hip revision surgery.  Two MRI exams revealed excess metal artifacts in Sterio's pelvis region.  Two x-ray exams revealed bone thinning in Sterio's right foot.  Sterio's records show consistent use of strong pain medication.  A Functional Capacity Evaluation ("FCE") submitted by Sterio's treating physician reported that Sterio could not sit, stand or walk for more than 1-hour a day.  Both of Sterio's treating physicians concluded that she was permanently disabled, which is consistent with the evaluations of Sterio's treating neurologist and two orthopedists.  HM Life failed to credit this reliable medical evidence.  *Abatie*, 458 F.3d at 968.

6

Second, HM Life failed to distinguish or even acknowledge the SSA's contrary disability determination despite having knowledge of it. While HM Life was "not bound by the SSA's determination, [its] complete disregard for a contrary conclusion without so much as an explanation raises questions about whether [its] adverse benefits determination was the product of a principled and deliberative reasoning process." *Montour*, 588 F.3d at 635 (internal quotation marks omitted). "In fact, not distinguishing the SSA's contrary conclusion may indicate [HM Life's] failure to consider relevant evidence." *Id*.

Third, HM Life failed to conduct an in-person medical evaluation of Sterio. *Montour*, 588 F.3d at 634. Although the Plan did not require an in-person exam, HM Life's choice to rely on a pure paper review, as in *Montour*, "raises questions about the thoroughness and accuracy of the benefits determination . . . as it is not clear the Plan presented [the six reviewing doctors] with all of the relevant evidence." *Id*. (internal quotation marks, citations, and brackets omitted). Not one of HM Life's six reviewing physicians "mentioned the SSA's contrary conclusion, not even to discount or disagree with it, which indicates that they may not have even been aware of it." *Id*. (internal quotation marks and brackets omitted).

Fourth, HM Life failed to adequately investigate Sterio's claim and request necessary evidence. *Abatie*, 458 F.3d at 968. HM Life did not procure the SSA

7

file or ask Sterio to do so. Nor did HM Life request any specific evidence that it, or its reviewing physicians, concluded was necessary to prove up Sterio's claim. *See Montour*, 588 F.3d at 636 (requiring a "plan administrator denying benefits in the first instance to notify the claimant . . . of what additional information would be necessary to perfect the claim.") (internal quotation marks omitted). For example, one reviewing physician dismissed Sterio's osteoarthritis diagnosis because no "bone density study" had been performed. Another dismissed Sterio's FCE because it relied on unspecified exams, x-rays, and evaluations. HM Life's medical director similarly discredited the FCE because it purportedly lacked an actual objective evaluation. Yet, HM Life failed to communicate these specific deficiencies to Sterio or ask her to supplement the record. *See id.; Booton v. Lockheed Medical Ben. Plan*, 110 F.3d 1461, 1463 (9th Cir. 1997) ("[I]f the plan administrators believe that more information is needed to make a reasoned decision, they must ask for it."); *Saffon v. Wells Fargo & Co. Long Term Disability Plan*, 522 F.3d 863, 871 (9th Cir. 2008).

Finally, HM Life violated ERISA's procedures by "tack[ing] on a new reason for denying benefits in [its] final decision, thereby precluding [Sterio] from responding to that rationale for denial at the administrative level." *Abatie*, 458 F.3d at 974. HM Life's reviewing physicians conceded that Sterio was in fact

8

disabled during the time she was hospitalized in response to two mental breakdowns. In its final decision, HM Life added for the first time that Sterio's hospitalizations did not entitle her to long term benefits because she was not deemed disabled at the onset of her disability effective date and because mental health coverage ends at 24 months. HM Life's last-minute addition of a new reason for denial suggests not only a conflict of interest, but can also be "categorized as a procedural irregularity where, as here, [Sterio was] foreclosed from presenting any response to the new reason." *Id*. at 974 n.9.

These factors, taken together, show that HM Life abused its discretion in denying Sterio benefits. An award of retroactive benefits is appropriate because HM Life's denial of benefits is contrary to the factual record. *Grosz-Salomon v. Paul Revere Life Ins. Co.*, 237 F.3d 1154, 1163 (9th Cir. 2001). We therefore reverse and remand to the district court with directions to enter judgement in favor of Sterio and to calculate the amount of retroactive benefits to which Sterio is entitled under the Plan. *Silver v. Exec. Car Leasing Long-Term Disability Plan*, 466 F.3d 727, 736 (9th Cir. 2006) (reversing denial of benefits under ERISA and remanding to district court to calculate award of benefits). The district court

should also determine whether Sterio is entitled to attorney fees and prejudgment interest.[2]

**REVERSED AND REMANDED.**

---

[2] *See United Steel Workers of Am. v. Ret. Income Plan for Hourly-Rated Employees of ASARCO, Inc.*, 512 F.3d 555, 564 (9th Cir. 2008) ("[A]s a general rule, the prevailing party on an ERISA claim is entitled to attorney's fees, unless special circumstances would render such an award unjust.") (internal quotation marks omitted); *Blankenship v. Liberty Life Assurance Co. of Boston*, 486 F.3d 620, 627 (9th Cir. 2007) ("A district court may award prejudgment interest on an award of ERISA benefits at its discretion.").